**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 3 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
~~LITTLE ROCK~~ Central DIVISION

| | |
|---|---|
| LESLIE BARTOLOMEI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL REPUBLIC CONGRESSIONAL COMMITTEE,<br><br>and<br><br>WINRED TECHNICAL SERVICES, LLC, | Case No.: 4:20-cv-271-BRW<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 ET SEQ.]<br><br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 ET SEQ.]<br><br>**(Amount to exceed $75,000.00)**<br><br>**DEMAND FOR JURY TRIAL** |

This case assigned to District Judge Wilson
and to Magistrate Judge Deere

**COMPLAINT**

COMES NOW the Plaintiff, Leslie Bartolomei, by and through her attorneys, Law Offices of Todd M. Friedman, P.C., Bautista LeRoy, LLC and Denton & Zachary, LLC, and for her Complaint, states as follows:

**I.    INTRODUCTION**

1.    LESLIE S. BARTOLOMEI ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of NATIONAL REPUBLIC CONGRESSIONAL COMMITTEE and WINRED TECHNICAL SERVICES LLC ("Defendants"), in negligently and knowingly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy and causing her damages. Plaintiff

alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## II.   PARTIES

2.   Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Arkansas. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

3.   Plaintiff is informed and believes, and thereon alleges, that Defendant NATIONAL REPUBLIC CONGRESSIONAL COMMITTEE (hereinafter "NRCC") is, and at all times mentioned herein was, a corporation whose primary corporate address is in Washington DC. Defendant is, and at all times mentioned herein was, a corporation, and is a "person," as defined by 47 U.S.C. § 153(10). Defendant is the Republican Hill committee which works to elect Republicans to the United States House of Representatives.

4.   Plaintiff is informed and believes, and thereon alleges, that Defendant WINRED TECHNICAL SERVICES LLC (hereinafter "WINRED") is, and at all times mentioned herein was, a company formed in Delaware, and has a primary corporate address in Arlington, Virginia. Defendant is, and at all times mentioned herein was, a corporation, and is a "person," as defined by 47 U.S.C. § 153(10). Defendant WINRED was formed as an entity to be the National Republican Party's "fundraising apparatus by creating a centralized, one-stop shop for online Republican political donations."[1]

---

[1] "The launch [of WINRED] caps months of behind-the-scenes discussions involving top Republicans. President Donald Trump and White House senior adviser Jared Kushner were involved, as were GOP congressional leaders and mega-donor Sheldon Adelson." See https://www.politico.com/story/2019/06/23/republicans-win-red-2020-1377058

### III. JOHN DOE UNKNOWN TORTFEASORS AND AGENTS

5. Various individuals and entities not named as Defendants herein may have directly participated in the unlawful conduct alleged herein, may have performed acts and made statements in furtherance thereof or omissions, which contributed to or caused the accident. These various individuals and entities may be agents, affiliates, alter-egos, partners, and/or joint-ventures of the named Defendant. While actively engaged in the management, direction or control of its affairs, each of the John Doe unknown tortfeasors may have performed each of the acts alleged herein, or alternatively, each John Doe unknown tortfeasors authorized or ordered duly authorized officers, agents, employees or representative to perform said acts. These tortfeasors, upon information and belief, permitted tortious acts to be committed in the State of Arkansas. To the extent that such John Doe tortfeasor(s) are liable for some or all of the Plaintiff's damages, the identity of said tortfeasor(s) has not been determined as of this date and is necessary to conduct discovery in order to determine the identity of said tortfeasor. Pursuant to Ark, Code Ann. § 16-56-125, Plaintiff has attached a John Doe Tortfeasors' Affidavit hereto as Exhibit "A," and incorporated herein by reference to toll the statute of limitations for the wrongful actions and/or omissions alleged herein against the John Doe Tortfeasor. In the event that a John Doe Tortfeasor is identified for one or more of the causes of action listed below, Plaintiff will amend her Complaint in accordance with Ark Code Ann § 16-56-125.

### IV. JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiff seeks up to $1,500.00 in damages for each text in violation of TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class

member belonging to a different state than that of the Defendant, providing jurisdiction under 28 U.S.C. Section 1332. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(a), as a substantial part of the events giving rise to the claim occurred in Pulaski County, Arkansas.

8. Venue is also proper in the United States District Court for the District of Arkansas pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Plaintiff resides is subject to personal jurisdiction in the County of Pulaski, State of Arkansas.

## V. **FACTUAL ALLEGATIONS**

9. At all times relevant, Plaintiff was a citizen of the State of Arkansas. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

10. Defendants are, and at all times mentioned herein were, each a corporation and "person," as defined by 47 U.S.C. § 153(10).

11. On or about January 8, 2020, Defendants began using Plaintiff's cellular telephone (501-XXX-X856)[2] for the purposes of sending Plaintiff political messages via mobile messaging services and sent a text message again on January 9, 2020, and January 10, 2020.

12. On or about January 13, 2020, Plaintiff texted "STOP" to 866-201-1348.

13. On or about February 17, 2020, Plaintiff received a text from 833-676-4569 with the words "FIFTH AND FINAL NOTICE: Your deadline to support President Trump has been extended to 11:59PM and you are ELIGIBLE for 5x-matched support. http://bit.ly/Fifth5X."

---

[2] Plaintiff's phone is kept anonymous to shield Plaintiff's privacy.

14. Plaintiff received at least four (4) texts from Defendants, with at least one text being sent to her after she texted "STOP" to the January 10, 2020 text message. Those texts are attached as Exhibit A to this complaint.

15. The text messages were sent from phone numbers 1-(866) 201-1348 and 1-(833) 676-4599.

16. When dialing back the number above, one is greeted with an automated voice that states "the number you've dialed cannot be completed as dialed." The call is then automatically disconnected. Such an automated response is indicative of technology that constitutes an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

17. Prior to January 8, 2020, Plaintiff has never been and will never be a member of the Republican Party and has not ever requested information from the Republican Party nor had Plaintiff ever requested Defendants to send auto texts for that purpose nor consented to being sent text messages seeking money for the NRCC or Donald Trump.

18. The text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A).

19. The telephone number that Defendants, or its agent messaged was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. These text messages constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

21.     As of January 8, 2020, Plaintiff did not provide Defendants or its agents with prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227(b)(1)(A).

22.     These messages by Defendants, or its agents, violated 47 U.S.C. § 227(b)(1).

23.     As a direct and proximate result of Defendants' careless, negligent, intentional and reckless conduct, as described more fully herein, Defendants are directly and affirmatively liable for the serious and permanently disabling injuries suffered by the Plaintiff, for which she seeks compensation in excess of the amount required for federal diversity jurisdiction.

## VI. CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated in ("the Class").

25.     Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited text messages and/or any other unsolicited text messages from Defendants without prior express consent.

26.     Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27.     Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited text message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges, reduced battery life, or reduced cellular telephone time for which Plaintiff and the Class members

previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendants placed any unsolicited text messages (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing and/or texting system to any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of the damages for such violation; and

   c. Whether Defendants should be enjoined from engaging in such conduct in the future.

31. As a person that received at least one unsolicited text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

32. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrong conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

35. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## VII. FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *ET SEQ.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### VIII. SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### IX. PROXIMATE CAUSATION

44. The facts and allegations recited above are incorporated by reference and made a part hereof as though set out verbatim.

45. As a direct and proximate result of Defendants' conduct, Plaintiff and putative Class members have suffered damages under the TCPA.

## X. DAMAGES

46. Plaintiff seeks compensation for the damages she and the Class sustained under the TCPA.

## XI. PUNITIVE DAMAGES

47. The facts and allegations recited above are incorporated by reference and made a part hereof as though set out verbatim.

48. Defendants' conduct was intentional as both the NRCC and WINRED were instructed to "STOP" sending Plaintiff text messages but continued to do so by soliciting Plaintiff to donate money to President Trump.

49. Punitive damages are warranted and may be imposed against Defendants to deter the Defendants and others from similar conduct.

## XII. DEMAND FOR JURY TRIAL

50. Pursuant to Fed. R. Civ. P. 38, Ark. R. Civ. P. 38, Ark. Const. Art. 2, § 7, Ark. Code Ann. § 16-64-103, Plaintiff hereby demands a trial by jury of all issues of fact.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following Relief against Defendants:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

51.    As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52.    Pursuant to 47 U.S.C. § 227 (b)(3)(A), injunctive relief prohibiting such conduct in the future.

53.    Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

54.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

55.    Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

56.    Any other relief the Court may deem just and proper.

### OTHER RELIEF

57.    Plaintiff respectfully prays for an award of damages against Defendants: (1) on an allocation of fault percentage up to 100%, including, but not limited to, actual, compensatory, special and consequential damages, (2) a joint and several judgment be entered against Defendants for all damages caused by Defendants, (3) for allocation of fault among Defendant National Republic Congressional Committee and WINRED pursuant to Ark. Code Ann. § 16-61-201 & 16-61-202(c), as amended by Act 1116 of 2013, in excess of that required for federal court jurisdiction in diversity of citizenship causes and sufficient to fully compensate Plaintiff and Class members for damages and losses suffered because of Defendants' conduct; (4) for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; (5) for reasonable expenses; costs (6)

for punitive or exemplar damages, if applicable under the law, and (7) for all other proper relief, including any costs, collection expenses, including filing and registration of judgment fees, writs and attorney's fees incurred on recovering on any judgment obtained in this lawsuit.

Dated this 12th day of March, 2020.

Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: *Adrian Bacon*
Adrian Bacon, Esq.,
*Pro Hac Vice Pending*
21550 Oxnard Street, Suite 780
Woodland Hills, Ca 91367
p: (877) 206-4741
f: (866) 633-0228
e: abacon@toddflaw.com

BAUTISTA LEROY, LLC

By: *Jose M. Bautista*
Jose M. Bautista, Esq. AR #2009-005
3770 Broadway Blvd., Second Floor
Kansas City, MO 64111
p: (816) 221-0382
f: (800) 816-7060
e: jose@bautistaleroy.com

DENTON & ZACHARY, LLC

By: *Justin Zachary*
Justin Zachary, Esq.  AR #2010162
600 S. German Lane, Ste. 101
Conway, AR 72034
p: (501) 358-4999
f: (501) 358-4737
e: justin@dentonandzachary.com