## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS (CENTRAL DIVISION)

| | |
|---|---|
| LESLIE BARTOLOMEI<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL REPUBLICAN<br>CONGRESSIONAL COMMITTEE, *et al.*<br><br>Defendants. | No. 4:20-cv-271-BRW |

**DEFENDANT WINRED TECHNICAL SERVICES' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, WinRed Technical Services ("WRTS"), hereby moves that Plaintiff's Amended Complaint be dismissed for lack of standing as to WRTS and for failure to state a claim.

### INTRODUCTION

On March 27, 2020, Plaintiff filed a facially deficient Amended Complaint alleging certain violations under the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that she improperly received four text messages from Defendants and is therefore seeking statutory, punitive, and compensatory damages, as well as injunctive relief. Initially, Plaintiff lacks standing as she has sued the wrong party by suing WRTS. WRTS has not and did not send text messages to Plaintiff. As such, WRTS moves to dismiss under Rule 12(b)(1) because Plaintiff fails to meet the traceability and redressability prongs of Article III standing. Plaintiff has also failed to state a claim under Rule 12(b)(6) because Plaintiff failed to properly allege that an "automatic telephone dialing system" ("ATDS") was used by WRTS to place the text messages. Therefore, for the reasons that follow, this Court should dismiss Plaintiff's claims.

## I.     PLAINTIFF LACKS STANDING.

This Court lacks jurisdiction over Plaintiff's claims against WRTS. An attack on the Court's subject matter jurisdiction under 12(b)(1) can arise as either a facial attack or a factual attack. "When presented with a factual challenge to subject matter jurisdiction under Rule 12(b)(1), the court may consider facts outside the pleadings." *Smith v. Golden China of Red Wing, Inc.*, 2018 U.S. Dist. LEXIS 112666, *6 (D. Minn. Mar. 8, 2018) (citing *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914-15 (8th Cir. 2015)). A key feature of the factual attack on subject matter jurisdiction is that the "non-moving party [does] not enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court." *Branson Label, Inc.,* 793 F.3d at 915. WRTS brings a factual attack as to the Court's jurisdiction because it is an improper party to this lawsuit and has committed no wrongs that are traceable to it or redressable by it.[1]

Federal court jurisdiction is limited by what the Constitution calls "Cases" and "Controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). Part of the "case or controversy requirement of Article III" is standing. *Id.* at 560. The "irreducible constitutional minimum of standing contains three elements": (1) injury-in-fact; (2) traceability; (3) and redressability. *Id*. Of particular import here are traceability and redressability. For an injury to be traceable, the injury complained of by a plaintiff must be "traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id*. (internal alterations omitted). As to redressability, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal

---

[1] According to Eighth Circuit precedent, the "proper course" in the case of a factual attack is for the moving party to request an evidentiary hearing. *See Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). While WRTS does not feel an evidentiary hearing is necessary to resolve its factual attack, WRTS hereby requests an evidentiary hearing on the issue of standing. That said, the Court need only hold a hearing if it feels it is necessary. *See United Transp. Union Local 418 v. Boardman*, 2008 U.S. Dist. LEXIS 48476, *16-18 (N.D. Iowa Jun. 24, 2008). The Court is free to rule on a factual attack—and therefore dismiss for lack of standing—on the papers alone. *See id*. (citing *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)). WRTS respectfully requests the Court do so here.

quotations omitted). Further, the fact that Plaintiff alleges a putative class does not change the standing analysis. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 n.6 (2016) ("That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong." (internal alteration and quotation omitted)).

Plaintiff's claims are neither traceable to nor redressable by WRTS. Traceability is the "causal connection between the injury and the conduct complained of . . . ." *Lujan*, 504 U.S. at 560. However, "the plaintiff cannot satisfy the causation element of . . . standing" "[w]hen the injury alleged is the result of actions by some third party, not the defendant[.]" *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 935 (8th Cir. 2012) (quoting *Katz v. Pershing, LLC*, 672 F.3d 64, 76 (1st Cir. 2012)). Relatedly, redressability dictates that it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561 (internal quotations omitted). There is no redressability if a defendant "ha[s] no power[] to redress the injuries alleged." *See Duit Constr. Co. v. Bennett*, 796 F.3d 938, 941 (8th Cir. 2015). If a plaintiff sues the wrong party, she "cannot satisfy the 'fairly traceable' (causation) and redressability elements of standing. . . ." *Id*.

Plaintiff's Amended Complaint alleges four violations of 47 U.S.C. § 227(b)(1)(A). The relevant subsection of the TCPA states that a violation occurs when "any person within the United States . . . make[s] any call . . . using any automated telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). A necessary precondition to liability under the TCPA is that a "person . . . make[s] any call." *Id*. Therefore,

pursuant to the act, a person must "make any call" to trigger liability under the act.  As explained further, WRTS made no such call.

WRTS is a technology vendor that creates web-based platforms and related web-based infrastructure to receive donations from individuals who are solicited by political committees, such as the NRCC. *See* Declaration of Gerrit Lansing at ¶ 4 (Exhibit A). WRTS does not call or text individuals to solicit contributions. *Id.* at ¶¶ 9, 11, 13-21, 25. WRTS does not send political messages to individuals, or groups of individuals. *Id.* at ¶¶ 9, 18, 25. WRTS does not engage in soliciting contributions through text messaging or phone calls. *Id*. at ¶¶ 15, 25. Because of that fact, WRTS does not use an automated telephone dialing system, or any other type of system, to contact any person, or groups of persons, to solicit donations or send political messages. *Id.* at ¶¶ 14-22, 25. WRTS has never contacted, caused anyone to contact, or paid anyone to contact Plaintiff or any group of people that includes Plaintiff. *Id*. Put simply, WRTS has never contacted Plaintiff via phone or text message and has never caused anyone to contact Plaintiff via phone or text message. *Id.* at ¶ 25.

WRTS is the wrong party to sue in an action under the TCPA. As WRTS does not make any calls that would trigger liability under the TCPA, Plaintiff's alleged injury-in-fact cannot be traceable to WRTS nor redressable by any adverse decision against WRTS. Plaintiff's alleged injuries are the cause of some other third party, not WRTS. Because Plaintiff's alleged injuries are not traceable to WRTS, Plaintiff lacks standing as to WRTS. Furthermore, because WRTS did not cause any of Plaintiff's alleged harms, none of the proposed relief sought against WRTS would redress her injury. Therefore, the case against WRTS must be dismissed because, as the incorrect party, Plaintiff "cannot satisfy the 'fairly traceable' (causation) and redressability elements of standing. . . ." *See Duit Constr. Co.*, 796 F.3d at 941.

## II.      PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER RULE 12(b)(6).

### A.  Plaintiff's Amended Complaint Fails to State a Claim Because It Alleges No Plausible Set of Facts That Show WRTS Sent Communications Using an ATDS.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While "detailed factual allegations" are not required, Rule 8 does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To wit, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Id.*

While the Court must accept all *factual* allegations as true, that "tenet … is inapplicable to legal conclusions." *Id.* Critically, the *Iqbal* standard requires a plaintiff to provide factual allegations that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. The claim must be more than conceivable and must instead be facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, there are no allegations, taken as true, that create the reasonable inference that WRTS used an ATDS.

The Amended Complaint alleges multiple violations of the TCPA. *See* Am. Compl., ECF No. 4. As pleaded, a violation under the TCPA occurs when: "[A]ny person within the United States … make[s] any call … using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). Therefore, for Plaintiff to allege a cause of action under section 227(b)(1) of the TCPA, she "must allege that

the defendant (1) called a cellular telephone number; (2) used an automatic telephone dialing system … to do so; and (3) lacked the plaintiff's prior express consent." *Aquilar v. Ocwen Loan Servicing, LLC*, 289 F. Supp. 3d 1000, 1005 (D. Minn. 2018). Should Plaintiff fail to properly plead any of those elements, she has failed to state a claim upon which relief can be granted under Rule 12(b)(6). *See id.* at 1005-06.

Of specific importance to analyzing Plaintiff's pleading failure—and preeminent importance to this case overall—is the defined term "automatic telephone dialing system." The TCPA defines an autodialer as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). At the motion to dismiss stage, a plaintiff must properly allege sufficient facts that, taken as true, could lead to the reasonable inference that WRTS used an ATDS. *See Iqbal*, 556 U.S. at 678. In this respect, Plaintiff has failed to "nudge[] [her] claim[] across the line from conceivable to plausible," and therefore the Amended Complaint should be dismissed. *See Twombly*, 550 U.S. at 570.

The Amended Complaint contains two paragraphs with supposed allegations that Defendants used an autodialer. *See* Am. Compl. ¶¶ 16, 18, ECF No. 4. First, paragraph 18 states that "[t]he text messages placed to Plaintiff's cellular telephone were placed via an 'automatic telephone dialing system,' ('ATDS') as defined by 47 U.S.C. § 227(a)(1)." Am. Compl. ¶ 18. This is simply the naked assertion of an element of a TCPA violation which is plainly insufficient to state a claim under *Twombly*, *Iqbal*, and their progeny. *See, e.g.*, *Iqbal*, 556 U.S. at 678.

Second, paragraph 16 states:

> When dialing back the number above, one is greeted with an automated voice that states 'the number you've dialed cannot be completed as dialed.' The call is then automatically disconnected. Such an automated response is indicative of

> technology that constitutes an 'automatic telephone dialing system,' ('ATDS') as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

Am. Compl. ¶ 16. This threadbare allegation is fundamentally deficient in that: (1) an automated response to an *incoming* call is not indicative of whether an autodialer is in use, and thus is not relevant under the TCPA; (2) even if an automated response to an incoming call were indicative of an ATDS, there is no allegation as to when the incoming calls were made and therefore it is impossible to connect the allegation to WRTS; and (3) there is no nexus between the alleged texts and WRTS.

> i.   *An Automated Response to Plaintiff's Telephone Call Is Not Indicative of an ATDS.*

The standard mandated by *Iqbal* declares that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Zean v. Fairview Health Servs.*, 858 F.3d 520, 525 (8th Cir. 2017). Nothing alleged in the Amended Complaint—that is not itself a legal conclusion—indicates the presence of an ATDS, or that any automated system was used to make calls by WRTS. Specifically, even accepting as true that Plaintiff called the alleged offending telephone numbers at some unknown time, and that they received an automated response to those calls, it fails to show that an autodialer sent the text messages.

The TCPA is wholly silent on the subject of *incoming* telephone calls to the number of an alleged autodialer. *See generally* 47 U.S.C. § 227. Plaintiff's allegation that an "automated response" to an incoming call is "indicative" of ATDS technology is therefore unsupportable on the face of the Amended Complaint.

Several courts have dismissed TCPA claims for failure to properly allege the use of an ATDS when the allegation of the use of an ATDS was based, at least in part, on situations that

were "indicative" of ATDS technology. *See, e.g.*, *Margulis v. Generation Life Ins. Co.*, 91 F. Supp. 3d 1165, 1166, 1168 (E.D. Mo. 2015) (finding that plaintiff's "vague allegations" including the allegation that the system was an ATDS because there was a "delay after answering and before hearing anyone speak" were "essentially threadbare legal conclusions."); *Friedman v. Massage Envy Franchising, LLC*, No. 3:12-cv-02962-L-RBB, 2013 U.S. Dist. LEXIS 84250, at *6-7 (S.D. Cal. Jun. 13, 2013) (dismissing claims based on the allegation that the incoming text messages were "generic and impersonal" which was insufficient to make the claims plausible because "[i]t [wa]s just as conceivable that the text messages were done by hand, or not using an ATDS."); *Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H (WVG), 2012 U.S. Dist. LEXIS 91030, at *9 (S.D. Cal. Jun. 18, 2012) (dismissing plaintiffs' complaint because they failed to properly allege the defendants used an ATDS).

Plaintiff's case is even weaker than the cases listed above because, in the cited cases, it is at least conceivable that a delayed response when answering a phone call, *see Margulis*, 91 F. Supp. 3d at 1166, or an allegation of "generic or impersonal" text messages, *see Friedman*, 2013 U.S. Dist. LEXIS 84250 at *6, is related to an autodialer. However, an incoming phone call to an alleged ATDS number that results in an automated voice message is not even conceivably related to an automatic telephone *dialing* system.

> ii. *There is No Nexus Between the Automated Response Allegation and WRTS's Alleged Conduct.*

Even if one assumes that an automated response to an incoming call is indicative of an ATDS, there is nothing in the Amended Complaint that, taken as true, ties the automated response to WRTS's alleged conduct. Plaintiff, in paragraph 18 of the Amended Complaint, alleges that when a call is made to the listed numbers, an automated message is played. However, there is no timing nexus between Plaintiff's call and the alleged improper text messages. In other words, even

accepting as true that the alleged conduct occurred, and that an automated response to an incoming call is indicative of an ATDS, there is nothing on the face of the Amended Complaint to temporally link the automated response to WRTS.

iii.   *There is No Nexus Between the Text Messages and WRTS.*

There is nothing in the text messages themselves that would lead anyone to identify WRTS as a party responsible for sending text messages to solicit donations on behalf of a political committee. The Amended Complaint is itself contradictory on this point. The only factual allegation specific to WRTS contained in the complaint is in paragraph 4 where Plaintiff alleges that "Defendant WINRED was formed as an entity to be the National Republican Party's 'fundraising apparatus' by creating a centralized, one-stop shop for online Republican political donations." Even if one accepts that statement as true, there is nothing in "creating a centralized, one-stop shop for online . . . donations" that is indicative of making solicitations or sending political messages via phone or text or using ATDS technology.

Finally, Plaintiff only provides the text of one of the allegedly improper text messages. *See* Amend. Compl. at ¶ 13. Nothing in the text of the message itself identifies WRTS. Then, when clicking on the link provided in paragraph 13, there is a disclaimer provided by WinRed, Inc.[2] However, even assuming the website belongs to WRTS—which it does not—there is nothing indicative of making calls or using ATDS technology in owning or providing a platform for accepting donations.   This, in conjunction with the other deficiencies in the Amended Complaint, is insufficient as a matter of law under the pleading standards articulated in *Twombly* and *Iqbal*.

Therefore, due to Plaintiff's significant pleading deficiencies, she has failed to state a claim under the TCPA.

---

[2] As noted in Section I, WinRed, Inc. is a separate and distinct entity from WRTS. *See* Exhibit A at ¶¶ 5, 24.

## **CONCLUSION**

For the aforementioned reasons, this Court should dismiss Plaintiff's Amended Complaint

for lack of standing and for failure to state a claim.

Dated: July 31, 2020                    RESPECTFULLY SUBMITTED,

> */s/ Jason Torchinsky*
> Jason B. Torchinsky
> Jonathan Lienhard
> Phillip M. Gordon*
> Holtzman Vogel Josefiak Torchinsky PLLC
> 45 N. Hill Dr., Suite 100
> Warrenton, VA 20186
> * *Admitted pro hac vice*
>
> And
>
> John E. Tull III (84150)
> R. Ryan Younger (2008209)
> QUATTLEBAUM, GROOMS & TULL PLLC
> 111 Center Street, Suite 1900
> Little Rock, AR  72201
> Telephone: (501) 379-1700
> Facsimile: (501) 379-1701
> jtull@qgtlaw.com
> ryounger@qgtlaw.com
>
> *Attorneys for National Republican Congressional Committee*

## **CERTIFICATE OF SERVICE**

I CERTIFY the foregoing was filed electronically and served on counsel for the parties

by electronic notification by CM/ECF on July 31, 2020.

> */s/ Jason Torchinsky*
> Jason Torchinsky